IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILLIAN DECELL,<br>        Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS AND RESORTS,<br>LLC d/b/a WYNDHAM BOSTON<br>BEACON HILL and RLJ LODGING<br>TRUST,<br>        Defendants. | Civil Action No. _____ |

# COMPLAINT

Plaintiff Lillian DeCell, by and through undersigned counsel, for her Complaint against Wyndham Hotels and Resorts, LLC d/b/a Wyndham Boston Beacon Hotel and RLJ Lodging Trust, alleges as follows:

## Nature of the Case

1. This is a personal injury case involving a slip-and-fall in a hotel staircase.

## Parties

2. Plaintiff Lillian DeCell ("DeCell") is a citizen of Vermont and resides in St. Albans, Vermont.

3. Upon information and belief, Defendant Wyndham Hotels and Resorts, LLC ("Wyndham") is a limited liability company that is a citizen of Massachusetts and does business as Wyndham Boston Beacon Hotel at 5 Blossom Street in Boston, Massachusetts.

4. Upon information and belief, RLJ Lodging Trust ("RLJ") is a publicly traded real estate investment trust and a citizen of the State of Maryland, at 3 Bethesda Metro Center Suite 1000 Bethesda, Maryland. Upon further information and belief, RLJ owns Wyndham. Indeed, in response to our demand letter sent to Wyndham at 5 Blossom Street on December 18, 2020,

we received a letter from Allianz Global Corporate and Specialty, indicating that its insured is RLJ.

## Jurisdiction and Venue

5.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy in this case exceeds $75,000.

6.   Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Wyndham resides in this judicial district and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## Facts

7.   On February 21, 2018, DeCell was staying at the Wyndham, when a hotel fire alarm sounded.

8.   As she descended the hotel stairs to evacuate the building, she slipped on a substance that appeared to be residue from a cleaning product.

9.   Although she had noticed the residue and was holding onto the stairwell railing, she tried but could not to maintain her balance.  DeCell fell and seriously injured her ankle.

10.   Wyndham advertises itself as a smoke-free hotel.

11.   Upon information and belief, the fire alarm was triggered by a Wyndham employee who was smoking in the building.

12.   DeCell was transported to Massachusetts General Hospital by ambulance, where she was admitted and had surgery performed on her left ankle.

13.     DeCell was released from the hospital four days later (on February 25, 2018) and was transferred to Franklin County Rehab Center in St. Albans, Vermont for inpatient rehabilitation until April 5, 2018.

14.     DeCell has lasting and permanent injuries.  For example, she has not regained the mobility, strength, and range of motion she had prior to her fall; she has permanent numbness in her left foot; and she routinely experiences pain when engaged in simple tasks (like climbing stairs).

15.     Upon information and belief, DeCell will require additional surgery and other treatments in the future.

16.     To date, DeCell's medical expenses alone exceed $110,000.

17.     Defendants knew, or by the exercise of reasonable care would have known, of the condition of the staircase.

18.     Defendants knew or should have known that the condition of the staircase involved an unreasonable risk of harm to invitees such as DeCell, and that DeCell would not discover or realize the danger or would fail to protect herself against it.

19.     Defendants failed to exercise reasonable care to protect DeCell against the danger.

20.     By reason of the foregoing, Defendants are liable, jointly and severally, to DeCell for her injuries and all damages related thereto.

WHEREFORE, DeCell demands that judgment be entered as follows:

(a) Awarding her compensatory damages in an amount to be determined at trial, but in no event less than $500,000;

(b) Awarding her punitive damages to the extent that the cause of the fire alarm is shown to have been the result of Wyndham's own actions, in an amount to be determined at trial;

(c) Awarding her costs, interest, and reasonable attorneys' fees; and

(d) Awarding her such other and further relief as the Court may deem just and proper.

## Jury Demand

Plaintiff demands trial by jury.

DATED at Stowe, Vermont this 8th day of February, 2021.

By:    */s/ Chandler W. Matson, Esq.*
Chandler W. Matson, Esq.
The Law Office of Chandler W. Matson
101 Tremont Street, Ste. 1010
Boston, MA 02108
    and
125 Mountain Road
PO Box 1312
Stowe, VT 05672
(802) 253-6272
cwm@matsonlawoffices.com

**and**

Andrew D. Manitsky, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
76 St. Paul Street, Suite 400
Burlington, Vermont 05401
(802) 860-1500
amanitsky@lynnlawvt.com